IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TERRY SPEED**, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:14-CV-3425-L** |
| § | |
| **AMERICA'S WHOLESALE** § | |
| **LENDER**, *et al.*, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Application for Ex-Parte TRO and Temporary Injunction (Doc. 3), which was filed by Plaintiff on September 23, 2014, and included in Plaintiff's Original Petition ("Complaint") (Doc. 3). Plaintiff filed this mortgage foreclosure case against Defendants asserting various state and federal law claims. The essence of Plaintiff's claims is that Defendants are not entitled to foreclose on the property owned by Plaintiff. Plaintiff seeks a temporary injunction, which the court construes as a request for a preliminary injunction, and an *ex parte* temporary restraining order under Texas law to stop the foreclosure of the property scheduled for October 1, 2014.

For the reasons herein explained, the court **denies** Plaintiff's Application for Ex-Parte TRO and **denies without prejudice** Plaintiff's Application for Temporary Injunction (Doc. 3). The court also **directs** Plaintiff to file an amended complaint by **October 1, 2014**, that is personally signed by him if he intends to proceed *pro se*, or a licensed attorney if he is represented by counsel. Additionally, all pleadings, motions, and papers filed by Plaintiff in this case in the future **shall** be personally signed by him or a licensed attorney of record in accordance with Federal Rule of Civil

Procedure 11(a). *Failure to comply with this order will result in Plaintiff's pleadings being stricken or dismissal without prejudice of this action pursuant to Federal Rule of Civil Procedure 41(b).*[*]

## I.     Application for Ex Parte TRO and Preliminary Injunction

Plaintiff initiated this action in federal court. Plaintiff's request for injunctive relief is therefore governed by federal law, not the state authority relied on by Plaintiff. There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order ("TRO"). A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction. Because a preliminary injunction is considered an "extraordinary and drastic remedy," it is not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). "The decision to grant

---

[*] This memorandum opinion and order does not affect the referral of this case to the magistrate judge for screening.

**Memorandum Opinion and Order - Page 2**

or deny a preliminary injunction is discretionary with the district court." *Mississippi Power & Light Co.*, 760 F.2d at 621.

A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201-D, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009) (Fitzwater, C.J.). The purpose of a TRO is to "preserv[e] the status quo and prevent[ ] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Any TRO, therefore, is a temporary measure to protect rights until a hearing can be held.

Under Rule 65(b)(1) of the Federal Rules of Civil Procedure, the court may issue a TRO without notice to the adverse party or its attorney only if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B). Thus, a TRO cannot be issued *ex parte* absent a clear showing that immediate and irreparable injury will result before the adverse party can be heard. *Id.*

After carefully reviewing the Complaint and documents attached to the Complaint, the court concludes that Plaintiff has not shown a substantial likelihood of prevailing on the merits of the claims asserted against Defendants. The Complaint, while lengthy, is best described as a compilation of formulaic legal arguments that are frequently cited in mortgage foreclosure cases by *pro se* plaintiffs but rarely succeed. In addition, Plaintiff has not complied with Rule 65(b)(1)'s requirements for an *ex parte* TRO. The Property Securitization Analysis Report attached to the Complaint further undermines Plaintiff's request for an *ex parte* TRO or preliminary injunction. The

**Memorandum Opinion and Order - Page 3**

report, which is dated September 3, 2014, indicates that Plaintiff delayed for at least twenty days before initiating this case and seeking injunctive relief to stop the foreclosure scheduled for October 1, 2014. This unexplained delay undercuts Plaintiff's assertion that there is either an immediate or substantial threat that irreparable harm will result if the requested injunctive relief is not granted without giving Defendants an opportunity to respond. The court therefore **denies** Plaintiff's Application for Ex-Parte TRO and **denies without prejudice** Plaintiff's Application for Temporary Injunction (Doc. 3).

## II.     Failure to Personally Sign Pleadings

In reviewing Plaintiff's Complaint and request for injunctive relief, the court noticed that the Complaint and other papers filed in this lawsuit are not personally signed by Plaintiff. Plaintiff's Complaint is instead signed by Lakiesha Jackson Speed. Parties appearing in a federal court may "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Section 1654 recognizes an individual's general right to proceed *pro se* with respect to his own claims or claims against him personally but does not authorize unlicensed lay persons to represent anyone other than themselves. *See id.; see also Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (concluding that executed powers of attorney did not authorize an unlicensed attorney to file pleadings or papers on behalf of another as a "next friend"). Moreover, Rule 11(a) of the Federal Rules of Civil Procedure requires every pleading, motion, and other paper to be signed by an attorney of record or a party personally if the person is not represented. Fed. R. Civ. Proc. 11(a). Rule 11(a) requires the court to "strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.*

Lakiesha Jackson Speed purports to sign on Plaintiff's behalf as Plaintiff's agent pursuant to a power of attorney. There is no indication, however, that Ms. Speed is a lawyer. Even assuming that Ms. Speed is authorized to act on Plaintiff's behalf in legal matters under a power of attorney, this does not overcome the prohibition against nonattorneys representing another individual in federal court. Accordingly, Plaintiff is directed to file an amended complaint by **October 1, 2014**, that is personally signed by him if he intends to proceed *pro se*, or a licensed attorney if he is represented by counsel. Additionally, all pleadings, motions, and papers filed by Plaintiff in the future in this case **shall** be personally signed by him or a licensed attorney of record. *Failure to comply with this order will result in Plaintiff's pleadings being stricken or dismissal without prejudice of this action pursuant to Federal Rule of Civil Procedure 41(b).*

**It is so ordered** this 24th day of September, 2014.

Sam A. Lindsay
United States District Judge