IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TERRY SPEED,                          §
                                      §
            Plaintiff,                §
                                      §
V.                                    §          No. 3:14-cv-3425-L-BN
                                      §
THE BANK OF NEW YORK, ET AL.,         §
                                      §
            Defendants.               §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial

management by United States District Judge Sam A. Lindsay. *See* Dkt. No. 7. The

undersigned magistrate judge now issues the following findings of fact, conclusions of

law, and recommendation:

**Background**

On September 23, 2014, Plaintiff Terry Speed filed an Application for Ex-Parte

TRO and Temporary Injunction [Dkt. No. 3], which included an Original Petition (the

"Complaint"). The next day, United States District Judge Sam A. Lindsay denied the

Application for Ex-Parte TRO and denied without prejudice the Application for

Temporary Injunction. *See* Dkt. No. 6. The Court also directed Plaintiff to, no later

than October 1, 2014, file an amended complaint "that is personally signed by him if

he intends to proceed *pro se*, or a licensed attorney if he is represented by counsel." *Id.*

at 1; *see also id.* at 1-2 ("Additionally, all pleadings, motions, and papers filed by

Plaintiff in this case in the future <u>shall be</u> personally signed by him or a licensed attorney of record in accordance with Federal Rule of Civil Procedure 11(a)." (emphasis in original)). Judge Lindsay warned that "*[f]ailure to comply with this order will result in Plaintiff's pleadings being stricken or dismissal without prejudice of this action pursuant to Federal Rule of Civil Procedure 41(b)*." *Id.* at 2 (emphasis in original).

A motion for leave to proceed *in forma pauperis* [Dkt. No. 5] was also filed on September 23, 2014. And, as the undersigned noted on September 25, 2014, that motion

> suffers from the same infirmity as [the] complaint – it is not signed by Plaintiff. Moreover, because the motion is signed by Lakiesha Jackson Speed, it is not clear if the financial information contained in the motion belongs to Ms. Speed or to Plaintiff.
>
> Accordingly, if Plaintiff plans to continue to request permission to proceed without prepayment of costs, the Court ORDERS Plaintiff to file a new motion to proceed *in forma pauperis* that clearly reflects his financial condition and is signed by Plaintiff no later than **October 1, 2014**.
>
> Failure to comply with this order may result in a recommendation that the complaint be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dkt. No. 8 at 1-2 (emphasis in original).

On October 1, 2014, Ms. Speed filed a response [Dkt. No. 9], in which she informs the Court that Plaintiff (her husband) is unable to sign the documents himself because he is incarcerated. *See id.* ("that's why I am his power of attorney"). She also informs the Court that, because Plaintiff is incarcerated, he has no income and that she has not been working due to back surgery. *See id.*

But neither an amended complaint nor an amended motion to proceed *in forma pauperis*, which comply with the Court's previous orders [Dkt. Nos. 6 and 8], have been filed.

## Legal Standards and Analysis

"Parties may proceed in federal court only *pro se* or through counsel." *Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. Apr. 20, 2012) (per curiam) (citing 28 U.S.C. § 1654). While a "power of attorney ... may confer certain decision-making authority under state law, [ ] it does not permit [a layperson] to represent [a litigant] *pro se* in federal court." *Id.* (citations omitted); *see also Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002) ("[T]he holder of a power of attorney is not authorized to appear *pro se* on behalf of the grantor."); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) ("attorney-in-fact" for daughter not permitted to litigate *pro se* on her behalf); *Deal v. Massey & Assocs.*, No. 1:10-CV-18, 2010 WL 3397681, at *1 (E.D. Tenn. Aug. 26, 2010) ("Regardless of this power of attorney, although a lay person is entitled to represent himself, the Court is unaware of any authority permitting a lay person to appear as an attorney for another person." (citing 28 U.S.C. § 1654)).

The Court cannot allow a layperson to represent a *pro se* litigant, and any judgment on the merits entered in such a case is subject to vacatur by the Court of Appeals. *See Williams*, 477 F. App'x at 11 ("The District Court also should not have reached the merits of [*pro se*] father's claim in the absence of proper representation." (citations omitted)).

Even where a statute allows, for example, a writ of habeas corpus to be filed by

a "next friend," *see* 28 U.S.C. § 2242, "[t]he mere fact that [a *pro se* petitioner] has given [a layperson] a 'power of attorney' is not sufficient to justify 'next friend' status." *Donalson ex rel. Donalson v. Eason*, No. Civ.A. 1:02-cv-220-C, 2003 WL 21281656 (N.D. Tex. May 29, 2003) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir.1978)); *accord Ables v. Dretke*, No. 4:05-cv-372-Y, 2005 WL 3148439 (N.D. Tex. Nov. 15, 2005), *rec. adopted*, 2006 WL 229007 (N.D. Tex. Jan. 31, 2006).

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action *sua sponte*, "with or without notice to the parties," *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), for failure to prosecute or for failure to comply with the federal rules or any court order. This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. Nov. 17, 2011) (per curiam) (42 U.S.C. § 1983 action) ("A district court may *sua sponte* dismiss an action for failure to prosecute or failure to obey a court order." (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988))).

Regardless of her purported power of attorney, Ms. Speed, as a layperson, cannot represent Plaintiff. Through its previous orders, the Court has made that clear to Plaintiff.

By not filing an amended complaint that complies with the Court's September 24, 2014 Order [Dkt. No. 6], and by neither filing an amended motion to proceed *in forma pauperis* that complies with the Court's September 25, 2014 Order [Dkt. No. 8]

nor paying the statutory filing fee, Plaintiff has prevented this action form proceeding. Thus, he has failed to prosecute his lawsuit and obey the Court's orders. A Rule 41(b) dismissal of Plaintiff's case without prejudice is warranted under these circumstances, and the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides to comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

## Recommendation

Plaintiff's action should be dismissed *sua sponte* without prejudice pursuant to Federal Rule of Civil Procedure 41(b). If, however, within 14 days of the date of this recommendation, Plaintiff complies with the Court's previous orders – by (1) filing an amended complaint that is personally signed by him if he intends to proceed *pro se*, or a licensed attorney if he is represented by counsel, and (2) filing an amended motion to proceed *in forma pauperis* also personally signed by him or paying the statutory filing fee – the Court should refer the case back to the undersigned for further pretrial management.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 18, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-6-