IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TERRY SPEED**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-3425-L** |
| | § | |
| **AMERICA'S WHOLESALE** | § | |
| **LENDER**, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On September 24, 2014, the court entered an order directing Plaintiff to file an amended complaint by October 1, 2014, that was personally signed by him, if he intended to proceed *pro se*, or a licensed attorney if he was represented by counsel. The court further ordered that all pleadings, motions, and papers filed by Plaintiff in this case in the future had to be personally signed by him or a licensed attorney of record in accordance with Federal Rule of Civil Procedure 11(a). The court warned that Plaintiff's pleadings would be stricken or the case would be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) if he failed to comply with the court's order. On October 1, 2014, a response to the court's order was filed. The response, like Plaintiff's prior pleadings, was not signed by him, but instead was signed by his wife Lakiesha Jackson Speed, who states that Plaintiff cannot sign any documents because he is incarcerated and this is the reason Plaintiff granted her a power of attorney to act on his behalf.

For the reasons set forth in the court's prior order, Ms. Speed cannot file pleadings or papers on behalf of her husband pursuant to a power of attorney, and she is not a licensed attorney.

**Order - Page 1**

Accordingly, if Plaintiff intended to proceed *pro se*, he was required to personally sign all pleadings and papers filed in this case. Because Plaintiff failed to comply with the court's September 24, 2014 order directing him to file an amended complaint by October 1, 2014, that was personally signed by him or a licensed attorney, the court **dismisses without prejudice** this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.

Having determined that dismissal of this action is appropriate for Plaintiff's failure to comply with this court's September 24, 2014 order, the court need not address the November 18, 2014 Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 10), wherein Magistrate Judge David L. Horan similarly and correctly concluded that the case should be dismissed pursuant to Rule 41(b) for Plaintiff's failure to comply with the court's September 24, 2014 order, as well as the magistrate judge's September 24, 2014 order requiring Plaintiff to file an amended motion to proceed *in forma pauperis* by October 1, 2014. For the same reason, the court need not address Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs (Doc. 5), filed September 23, 2014. The clerk of the court is therefore directed to **term** the Report (Doc. 10) and Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs (Doc. 5).

**It is so ordered** this 19th day of November, 2014.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

Order - Page 2